United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DENNIS ALLUMS, | Case No. 24-cv-06272-LB |
| Plaintiff, | |
| v. | **ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS COMPLAINT** |
| CITY OF OAKLAND, | |
| Defendant. | Re: ECF No. 1 |

**INTRODUCTION**

The plaintiff Dennis Allums, who represents himself and is proceeding in forma pauperis, sued the City of Oakland under 42 U.S.C. § 1983, claiming that he and others were victims of a hate crime at the Oakland Public Library. The crux of his complaint is that the Oakland Police Department didn't include "him, the main victim of a hate crime, on the police report."[1] Before directing the United States Marshal to serve the defendant with the plaintiff's complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The complaint is insufficient under Section 1915 because the plaintiff has failed to provide "a short and plain statement of the

---

[1] Compl. – ECF No. 1 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER; REPORT AND RECOMMENDATION – No. 24-cv-06272-LB

claim showing that [he] is entitled to relief" pursuant to Rule 8. Fed. R. Civ. P. 8(a). There are no viable claims. The case should be dismissed.

In an earlier lawsuit in this district, the plaintiff raised similar claims against the City of Oakland. Judge Westmore screened the complaint for minimum legal viability. She ordered the plaintiff to amend his complaint to comply with the pleading requirements of Rule 8 and allege facts to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] When he failed to do so, Judge Westmore ordered that the case be reassigned to a district judge and reported and recommended dismissal of the plaintiff's complaint.[3] Judge Thompson adopted Judge Westmore's report and recommendation and dismissed the case without prejudice for failure to prosecute.[4] The plaintiff filed a motion to reinstate the case, alleging that he was too ill to prosecute the case between June and August 2023.[5] Judge Thompson denied the plaintiff's motion because he "failed to demonstrate any ground for relief from final judgment" under Rule 60(b)–(c).[6]

Because not all parties have consented to magistrate-judge jurisdiction, this case must be reassigned. The undersigned refers this case first to Judge Thompson for a determination about whether the case should be related to case number 22-cv-03955-TLT. If Judge Thompson determines that the cases are not related, the undersigned directs the clerk of court to reassign this case to a randomly selected district judge. In either event, the undersigned recommends that the newly assigned judge dismiss the case with prejudice.

**STATEMENT**

The plaintiff alleges that he and others were the victim of a hate crime at the Oakland Public Library in January 2022. According to the plaintiff, another man "insulted" him, "talked about his hatred of '[B]lacks,'" and called the "African American librarian . . . a '[B]lack bitch,'" which set

---

[2] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Screening Order – ECF No. 9.

[3] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Order Reassigning Case – ECF No. 11.

[4] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Order Adopting R&R – ECF No. 14.

[5] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Mot. – ECF No. 15 at 2.

[6] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Order – ECF No. 17.

ORDER – No. 24-cv-06272-LB                    2

off a "series of events." The plaintiff was locked out of the Oakland Public Library with the suspect, who "lung[ed] at [him] four consecutive times and . . . forced him to jump off a 7-foot cliff." The plaintiff sustained multiple injuries.[7]

The plaintiff underwent "numerous medical operations" and "months of hospitalizations." When "his memory gradually returned" in May 2024, he learned that he had filed a prior lawsuit against the City of Oakland. He alleges that he was "unable to manage his legal affairs as a pro se plaintiff" during this time due to his health issues.[8] The plaintiff contends that the "Oakland Police Department violated [his] civil rights by repeatedly refusing to assist him at the scene, despite being the primary victim," and refusing "to include him in the police report for over two years." The plaintiff further contends that "he remains denied access to victim services" because the Oakland Police Department and City of Oakland have refused "to acknowledge his victimhood in the police report."[9]

The plaintiff seeks various forms of relief, including "retraining" of Oakland Public Library Staff and Oakland Police Department officers. He requests a "[m]andate that the [C]ity [of Oakland] charge the assailant in this case with a hate crime." He also seeks "financial compensation . . . for all physical pain and suffering . . . as well as mental anguish related to the stress and depression he has endured due to the event."[10]

In an earlier lawsuit in this district, where the plaintiff raised substantially similar claims against the City of Oakland, the Oakland Police Department, and Oakland Police Department Investigations Officer Colin Cameron, Judge Thompson adopted Judge Westmore's report and recommendation and dismissed the case without prejudice for failure to prosecute.[11] The plaintiff moved to reopen the case on the grounds that he was "seriously ill and hospitalized" from June to

---

[7] Compl. – ECF No. 1 at 1.

[8] *Id.* at 2.

[9] *Id.* at 3–4.

[10] *Id.* at 43–44.

[11] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Order Adopting R&R – ECF No. 14.

August 2023.[12] Judge Thompson denied the motion because the plaintiff "failed to demonstrate any ground for relief from final judgment" under Rule 60(b)–(c).[13]

## STANDARD OF REVIEW

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."

---

[12] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Mot. – ECF No. 15 at 2.

[13] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Order – ECF No. 17.

United States District Court
Northern District of California

*Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9

ORDER – No. 24-cv-06272-LB                    5

(1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

**ANALYSIS**

In her screening order in the earlier lawsuit, Judge Westmore found that the plaintiff did not "cite to any authority that the refusal to file a police report or provide him with evidence violates the law" and that "there was likely no deprivation of rights." Accordingly, Judge Westmore concluded that the plaintiff didn't "set forth 'a short and plain statement of the claim showing that [he] is entitled to relief' as required by Rule 8 of the Federal Rules of Civil Procedure."[14] That same analysis applies here. The plaintiff has not cited to any authority requiring the police "to include him in the police report."[15] Even assuming that the plaintiff should have been included in the police report, "[n]umerous courts have held that the fact that a false, incomplete or fraudulent police report has been filed is insufficient to state a [Section] 1983 claim." *Bronner v. San Francisco Super. Ct.*, No. C 09-5001 SI, 2010 WL 2650500, at * 5 (N.D. Cal. July 1, 2010). Rather, "there must be some constitutional deprivation that flows from the report." *Id.* The plaintiff alleges that, by being excluded from the police report, he has been "denied access to victim services."[16] But the plaintiff does not explain what those services are or cite any authority

---

[14] *Allums v. City of Oakland*, No. 3:22-cv-03955-TLT, Screening Order – ECF No. 9 at 3–4.

[15] Compl. – ECF No. 1 at 4.

[16] *Id.* at 3.

United States District Court
Northern District of California

showing he is entitled to them. As in the previous lawsuit, the plaintiff's complaint does not comply with Rule 8's pleading requirements to show that he is entitled to relief. [17]

## CONCLUSION

This case will be reassigned to a district judge, first to Judge Thompson for her determination about whether the case is related to the earlier-filed case and, if not, thereafter to a randomly assigned district judge. The recommendation is for dismissal of the case with prejudice.

Any party may serve and file specific written objections to this recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civil L.R. 72-3. Failure to file written objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: September 18, 2024

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[17] The plaintiff's newly submitted evidence at ECF No. 6 is a letter from his healthcare provider and copy of the police report at issue in this case. It does not change the outcome.

ORDER – No. 24-cv-06272-LB                    7